GIL ET AL., PLAINTIFFS AND APPELLANTS, *v.* SUCCESSION OF ROSSO ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Arecibo in An Action for Partition and Accounting of An Estate of Inheritance.

No. 1183.—Decided July 31, 1915.

PARTITION—RESTITUTION.—When the object of a complaint is not that the heirs partition property held in common but that they make restitution of hereditary property in the possession of other persons, it cannot be held that the action is for partition of inheritance.

ID.—RESTITUTION—JUDGMENT.—In an action for the recovery of property it is necessary to allege in the complaint the specific property claimed and that it is in the possession of the defendants, otherwise the court cannot render judgment for its restitution because such a judgment could not be executed.

The facts are stated in the opinion.

*Mr. Rafael López Landrón* for the appellants.

*Mr. Félix Santoni* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

The complaint filed in this action refers to facts which occurred in the year 1834 and substantially alleges that Joaquín Gil de Lamadrid died in the year 1834, his wife, María Fontanes or Lafontaine, having predeceased him; that he left seven children as heirs and a fortune of more than $200,000 consisting of realty, credits, furniture, cattle, money and securities; that Pedro Rosso Santilario took charge of the estate as tutor or curator *ad bona* of the heirs who were minors; that he inventoried and submitted for partition only one piece of real property and some insignificant chattels and effects so that there was allotted to each of the heirs property to the value of only about $2,000, according to the deed of partition of 1836, the date of the approval of the partitionary account which was granted to include the liquidation and division also of such other property of the ancestor as might appear or be denounced at any time; that Joaquina Gil de Lamadrid, one of the heirs, contracted matrimony in 1835 with Pedro Rosso Santilario and contributed to the conjugal partnership an undivided interest of about $50,000 which was merged in the property of her brothers and sisters and made up of different kinds of property, the husband contributing nothing; that in 1835 the said Pedro Rosso assumed charge of the administration of the estate left by Joaquín Gil de Lamadrid, it being undivided and belonging to his heirs; that Pedro Rosso was engaged in business with his brother, Manuel Rosso, under the firm name of Rosso Brothers from the year 1836 until the death of Joaquina in 1856, employing as capital only the property in his possession which had been contributed by his wife, for Manuel Rosso contributed nothing to the capital stock of the firm; that Pedro Roso executed a general power of attorney in favor of his brother Manuel who was also a managing partner of the firm, authorizing him not only to administer but also to mortgage and alienate

whatever property he had in his possession; that at the time
of the death of Joaquina he had not delivered to his wife or
to the other heirs the estate left by Joaquín Gil de Lamadrid
which remained in his possession and in the possession of
the firm of Rosso Brothers until the dissolution of the latter
in 1889 when Pedro Rosso died; that Pedro Rosso managed
the undivided inheritance of his wife during her life and dur-
ing his widowhood, disposing of and creating liens upon the
same; that after the death of Pedro Rosso the hereditary
estate of his wife and her brothers and sisters remained in
the possession and under the administration of Manuel Rosso
as surviving member of the firm and executor of Pedro
Rosso; that Maneul Rosso died single in 1896 and the said
property remained in the possession of his heirs and legatees
under the same conditions in which he had held it; that since
that time they have demanded the same extrajudicially and
personally of members of the Succession of Manuel Rosso.

The complaint contains other allegations referring to the
death of persons interested in the hereditary estate in ques-
tion and to their successors. The action was brought by
Santos or María de Jesús Gil de Lamadrid y González, the
grand-daughter of Joaquín Gil de Lamadrid, and by the
Alfonso y Rosso brothers, his great-grandsons, against other
grandchildren and great-grandchildren, who refused to join
the plaintiffs, and against the heirs of Manuel Rosso, and
without specifying the property to which the complaint re-
ferred, they prayed the court to order the defendants to make
restitution of the inherited property which had been entrusted
to the management and administration of Manuel Rosso, the
attorney in fact, partner, manager and executor of Pedro
Rosso, after dividing, liquidating and rendering verified ac-
counts of the property, item by item, and furnishing proper
vouchers of its capital and proceeds.

The complaint having been demurred to, the District Court
of Arecibo held that the action brought for the partition of

the inherited property had prescribed; that the facts alleged in the complaint did not constitute a cause of action, and that there was misjoinder of causes of action, and on motion of the plaintiffs rendered judgment dismissing the complaint with costs, from which judgment the present appeal was taken by the aggrieved parties.

Although the appellants maintain that the action brought is for the partition of inherited property, it is obvious that the allegations of the complaint do not support such an action, because the object of the action is not to compel the defendants to partition the property held in common as heirs of Joaquín Gil de Lamadrid, but to deliver to them property left by their ancestor which is not in their possession, although it is alleged to belong to them by title of inheritance and is claimed from the heirs of Manuel Rosso because he withheld the same in his character of attorney in fact, partner and executor of Pedro Rosso and took possession of it for management and administration.

Although it is sought to recover property which is alleged to belong to the plaintiffs and a part of which had been alienated, the complaint contains no allegations pointing out what property they seek to have delivered or that the defendants possess the same, and such allegations are necessary in an action like the present, for even if the action had not prescribed the court could not render judgment ordering the delivery of property which has not been specified and which is not in the possession of the defendants, inasmuch as the judgment could not be executed.

For this reason the judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.